MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
ANTONIO MORALES, *individually and on behalf of others similarly situated,*

       *Plaintiff*,

-against-

740 ROAST CORP. (D/B/A ROAST KITCHEN), PETER XENOPOULOS (A.K.A. PETER ZENOPOULOS), ALEXANDER XENOPOULOS, WILLIAM PALOMO, EDEL LUCERO, and ELA DOE,

       *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

  Plaintiff Antonio Morales ("Plaintiff Morales" or "Mr. Morales"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against 740 Roast Corp. (d/b/a Roast Kitchen), ("Defendant Corporation"), Peter Xenopoulos (a.k.a. Peter Zenopoulos), Alexander Xenopoulos, William Palomo, Edel Lucero, and Ela Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

  1. Plaintiff Morales is a former employee of Defendants 740 Roast Corp. (d/b/a Roast Kitchen), Peter Xenopoulos (a.k.a. Peter Zenopoulos), Alexander Xenopoulos, William Palomo, Edel Lucero, and Ela Doe.

2.	Defendants own, operate, or control a salad shop, located at 740 7th Ave, New York, NY 10019 under the name "Roast Kitchen."

3.	Upon information and belief, individual Defendants Peter Xenopoulos (a.k.a. Peter Zenopoulos), Alexander Xenopoulos, William Palomo, Edel Lucero, and Ela Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the Salad Shop as a joint or unified enterprise.

4.	Plaintiff Morales was employed as a cook at the Salad Shop located at 740 7th Ave, New York, NY 10019.

5.	At all times relevant to this Complaint, Plaintiff Morales worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

6.	Rather, Defendants failed to pay Plaintiff Morales appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.	Defendants' conduct extended beyond Plaintiff Morales to all other similarly situated employees.

8.	At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Morales and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9.	Plaintiff Morales now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Morales seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Morales's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a salad shop located in this district. Further, Plaintiff Morales was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Antonio Morales ("Plaintiff Morales" or "Mr. Morales") is an adult individual residing in Ocean County, New Jersey.

14. Plaintiff Morales was employed by Defendants at Roast Kitchen from approximately April 23, 2007 until on or about June 2018.

15. Plaintiff Morales consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants owned, operated, or controlled a salad shop, located at 740 7th Ave, New York, NY 10019 under the name "Roast Kitchen."

17. Upon information and belief, 740 Roast Corp. (d/b/a Roast Kitchen) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 740 7th Ave, New York, NY 10019.

18. Defendant Peter Xenopoulos (a.k.a. Peter Zenopoulos) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Peter Xenopoulos (a.k.a. Peter Zenopoulos) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Peter Xenopoulos (a.k.a. Peter Zenopoulos) possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Morales, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19. Defendant Alexander Xenopoulos is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alexander Xenopoulos is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Alexander Xenopoulos possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Morales, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20. Defendant William Palomo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant William Palomo is sued individually in his capacity as a manager of Defendant Corporation. Defendant William Palomo possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Morales, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Edel Lucero is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Edel Lucero is sued individually in his capacity as a manager of Defendant Corporation. Defendant Edel Lucero possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Morales, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22. Defendant Ela Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ela Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Ela Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Morales, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

23. Defendants operate a salad shop located in multiple neighborhoods in Manhattan.

24. Individual Defendants, Peter Xenopoulos (a.k.a. Peter Zenopoulos), Alexander Xenopoulos, William Palomo, Edel Lucero, and Ela Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26. Each Defendant possessed substantial control over Plaintiff Morales's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Morales, and all similarly situated individuals, referred to herein.

27. Defendants jointly employed Plaintiff Morales (and all similarly situated employees) and are Plaintiff Morales's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28. In the alternative, Defendants constitute a single employer of Plaintiff Morales and/or similarly situated individuals.

29. Upon information and belief, Individual Defendants Peter Xenopoulos (a.k.a. Peter Zenopoulos) and Alexander Xenopoulos operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

30. At all relevant times, Defendants were Plaintiff Morales's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Morales, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Morales's services.

31. In each year from 2015 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the Salad Shop on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33. Plaintiff Morales is a former employee of Defendants who was employed as a cook.

34. Plaintiff Morales seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Antonio Morales*

35. Plaintiff Morales was employed by Defendants from approximately April 23, 2007 until on or about June 2018.

36. Defendants employed Plaintiff Morales as a cook.

37. Plaintiff Morales regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

38. Plaintiff Morales's work duties required neither discretion nor independent judgment.

39. Throughout his employment with Defendants, Plaintiff Morales regularly worked in excess of 40 hours per week.

40. From approximately January 2015 until on or about June 2018, Plaintiff Morales worked from approximately 5:00 a.m. until on or about 3:00 p.m., Mondays through Fridays and from approximately 5:00 a.m. until on or about 1:00 p.m. to 2:00 p.m., Saturdays (typically 58 to 59 hours per week).

41. Throughout his employment, Defendants paid Plaintiff Morales his wages by check.

42. From approximately January 2015 until on or about January 2017, Defendants paid Plaintiff Morales a fixed salary of $1,000 per week.

43. From approximately February 2017 until on or about June 2018, Defendants paid Plaintiff Morales a fixed salary of $1,100 per week.

44. Plaintiff Morales's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

45. For example, Defendants required Plaintiff Morales to work an additional 1 hour past his scheduled departure time once a week, and did not pay him for the additional time he worked.

46. Although Defendants granted Plaintiff Morales 40 minutes for meal periods, he was never able to take such breaks because he had to cook during those periods.

47. Nevertheless, Defendants deducted $15 to $16 from Plaintiff Morales's weekly paycheck for meals he never ate.

48. On a number of occasions, Defendants required Plaintiff Morales to sign a document, the contents of which he was not allowed to review in detail.

49. Defendants took improper and illegal deductions from Plaintiff Morales's wages; specifically, Defendants deducted $15 to $16 from Plaintiff Morales' weekly wages for meals he did not eat.

50. Defendants did not provide Plaintiff Morales an accurate statement of wages, as required by NYLL 195(3).

51. Defendants did not give any notice to Plaintiff Morales, in English and in Spanish (Plaintiff Morales's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

52. Defendants required Plaintiff Morales to purchase "tools of the trade" with his own funds—including kitchen shoes, and shirts.

*Defendants' General Employment Practices*

53. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Morales (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

54. Plaintiff Morales was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

55. Defendants habitually required Plaintiff Morales to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

56. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

57. On a number of occasions, Defendants required Plaintiff Morales to sign a document the contents of which he was not allowed to review in detail. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

58. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Morales (and similarly situated individuals) worked, and to avoid paying Plaintiff Morales properly for his full hours worked.

59. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

60. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Morales and other similarly situated former workers.

61. Defendants failed to provide Plaintiff Morales and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

62. Defendants failed to provide Plaintiff Morales and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

63. Plaintiff Morales brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

64. At all relevant times, Plaintiff Morales and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

65. The claims of Plaintiff Morales stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

66. Plaintiff Morales repeats and realleges all paragraphs above as though fully set forth herein.

67. At all times relevant to this action, Defendants were Plaintiff Morales's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Morales (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

68. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

69. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

70. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Morales (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

71. Defendants' failure to pay Plaintiff Morales (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

72. Plaintiff Morales (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

73. Plaintiff Morales repeats and realleges all paragraphs above as though fully set forth herein.

74. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Morales overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

75. Defendants' failure to pay Plaintiff Morales overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

76. Plaintiff Morales was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

77. Plaintiff Morales repeats and realleges all paragraphs above as though fully set forth herein.

78. Defendants failed to provide Plaintiff Morales with a written notice, in English and in Spanish (Plaintiff Morales's primary language), containing: the rate or rates of pay and basis

thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

79. Defendants are liable to Plaintiff Morales in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

80. Plaintiff Morales repeats and realleges all paragraphs above as though fully set forth herein.

81. With each payment of wages, Defendants failed to provide Plaintiff Morales with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

82. Defendants are liable to Plaintiff Morales in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

83. Plaintiff Morales repeats and realleges all paragraphs above as though fully set forth herein.

84. Defendants required Plaintiff Morales to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

85. Plaintiff Morales was damaged in an amount to be determined at trial.

## **SIXTH CAUSE OF ACTION**

## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

## OF THE NEW YORK LABOR LAW

86. Plaintiff Morales repeats and realleges all paragraphs above as though fully set forth herein.

87. At all relevant times, Defendants were Plaintiff Morales's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

88. Defendants made unlawful deductions from Plaintiff Morales's wages including, but not limited to, deductions for meals he never ate.

89. The deductions made from Plaintiff Morales's wages was not authorized or required by law.

90. Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Morales's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

91. Plaintiff Morales was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Morales respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Morales and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under the FLSA with respect to Plaintiff Morales and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Morales and the FLSA Class members;

(e) Awarding Plaintiff Morales and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Morales and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Morales;

(h) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Morales's compensation, hours, wages and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Morales;

(j) Awarding Plaintiff Morales damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable;

(k) Awarding Plaintiff Morales damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff Morales liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m) Awarding Plaintiff Morales and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Morales and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Morales demands a trial by jury on all issues triable by a jury.

- 18 -

Dated: New York, New York

May 14, 2020

               MICHAEL FAILLACE & ASSOCIATES, P.C.

       By:   /s/ Michael Faillace
           Michael Faillace [MF-8436]
           60 East 42nd Street, Suite 4510
           New York, New York 10165
           Telephone: (212) 317-1200
           Facsimile: (212) 317-1620
           *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 24, 2020

BY HAND

TO:　Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:　　　　　　　　　Antonio Morales

Legal Representative / Abogado:　　Michael Faillace & Associates, P.C.

Signature / Firma:　　　　　　　　 *[signature]*

Date / Fecha:　　　　　　　　　　 24 de febrero 2020

*Certified as a minority-owned business in the State of New York*